Theresa Donahue Egler, Esq.
Jason W. Isom, Esq.
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (973) 656-1600
Facsimile: (973) 656-1611
Theresa.Egler@ogletreedeakins.com
Jason.Isom@ogletreedeakins.com
*Attorneys for Defendants R.R. Donnelley & Sons Company,*
*James Longo, and Julian Wellington*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

| | | |
|---|---|---|
| LATEEF DECREE, | : | Hon. _____ |
| | : | Civ. Action No.: _____ |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **NOTICE OF REMOVAL & LOCAL** |
| EXECUTIVE MANAGEMENT SERVICES, | : | **CIVIL RULE 11.2 CERTIFICATION** |
| INC., R.R. DONNELLEY, JIM LONGO, | : | |
| JULIAN WELLINGTON, MANUEL | : | |
| ACEVEDO, WILLIAM BEZILACQUA, AND | : | |
| DOUGH CAVANAUGH | : | |
| | : | |
| Defendants. | : | |

---

**TO:   CHIEF JUDGE AND JUDGES OF**
**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**ON NOTICE TO:**

William F. Henning, Esq.
76 South Orange Ave., Suite 308
South Orange, New Jersey 07079
*Attorney for Plaintiff*

Erik D. Bigelow, General Counsel
Executive Management Services
4177 North EMS Boulevard
Greenfield, Indiana 46140
*Attorney for Defendant EMS*

1

Michelle M. Smith, Esq., Clerk
The Superior Court of New Jersey
Richard Hughes Justice Complex
6th Floor North Wing
Trenton, New Jersey 08625

Clerk, Superior Court of New Jersey
Law Division – Essex County
50 West Market Street
Newark, New Jersey 07102

**HONORABLE JUDGES:**

Defendants R.R. Donnelley & Sons Company (incorrectly pled as "R.R. Donnelley") ("R.R. Donnelley"), James Longo, and Julian Wellington (collectively, "Defendants") by and through their counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby notice the removal of this action, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, to the United States District Court for the District of New Jersey, and as grounds therefore show as follows:

**I.      TIMELINESS OF REMOVAL**

1.      On or about December 2, 2016, Plaintiff Lateef Decree ("Plaintiff") commenced a civil action against Defendants in the Superior Court of New Jersey, Essex County, entitled *Lateef Decree v. Executive Management Services, Inc., R.R. Donnelley, Jim Longo, Julian Wellington, Manuel Acevedo, John Doe 1, John Doe 2, William Bezilacqua, Dough Cavanaugh*, Docket No.: ESX-L-8270-16 (the "State Action").

2.      Plaintiff effected service of the Summons and Complaint on Defendants on January 23, 2017 by personally delivering a copy of the Summons and Complaint to R.R. Donnelley's registered agent. A copy of the Summons and Complaint is attached hereto as **Exhibit A**. These are the only process, pleadings, or orders known by Defendants to have been served in this action.

3. Pursuant to 28 U.S.C. § 1446(b), a Notice of Removal must be filed within 30 days after the receipt by defendant, through service or otherwise, of the Complaint.

4. Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after receipt by any defendant, through service or otherwise, of the Complaint.

## II. VENUE

5. The New Jersey Superior Court, Essex County, is located within the District of New Jersey.  28 U.S.C. § 110.  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III. BASIS FOR REMOVAL – FEDERAL QUESTION

6. This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7. Plaintiff's Complaint alleges that Defendants violated Title VII, 42 U.S.C. § 2000 et seq. ("Title VII"), and asserts related claims under the New Jersey Law Against Discrimination, *N.J.S.A.* 10:5-1 *et seq.* ("NJLAD"), and the common law.  By asserting claims under federal law, namely Title VII, Plaintiff's Complaint asserts a federal question under 28 U.S.C. § 1331.

8. Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

## IV. SUPPLEMENTAL JURISDICTION

9. This Court has supplemental jurisdiction over Plaintiff's state law NJLAD and common law claims. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over

3

all other claims that are so related to Plaintiff's federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative facts … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

10. Here, Plaintiff's NJLAD and common law claims arise out of a common nucleus of operative facts pertinent to his Title VII claim. Indeed, both the state and federal claims arise out of Plaintiff's work assignment at R.R. Donnelley; the alleged discrimination and retaliation against Plaintiff by Defendants because of Plaintiff's race; and Plaintiff's termination. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims neither raise novel or complex issues of State law nor predominate over the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Thus, removal is proper under 28 U.S.C. § 1441(c).

11. Upon information and belief, the other named defendants have not been served with process in this matter.

### VI. CONCLUSION

12. Defendants have not previously sought similar relief.

13. To date, Defendants have not filed a responsive pleading in the State Action, and no other proceedings have transpired in that action.

4

14. Pursuant to 28 U.S.C. § 1446, copies of this Notice of Removal have this day been served by overnight mail upon Plaintiff's counsel and Defendant EMS's counsel, and via first class mail upon the Clerk of the Superior Court of New Jersey, and the Clerk of the Superior Court in Essex County, New Jersey.

15. By removing this matter, Defendants do not waive or intend to waive any defense, including but not limited to insufficiency of process and insufficiency of service of process.

**WHEREFORE**, Defendants respectfully request that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of New Jersey, County of Essex County, to the United States District Court for the District of New Jersey.

Respectfully Submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
*Attorneys for Defendants*
*R.R. Donnelley & Sons Company, James Longo, and Julian Wellington*

By:  s/ Theresa Donahue Egler
Theresa Donahue Egler, Esq.
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (973) 656-1600
Facsimile: (973) 656-1611
theresa.egler@ogletreedeakins.com

Date:  February 22, 2017.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Theresa Donahue Egler, Esq., counsel for Defendants, certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

                                      Respectfully Submitted,

                                      **OGLETREE, DEAKINS, NASH,**
                                      **SMOAK & STEWART, P.C.**
                                      *Attorneys for Defendants*
                                      *R.R. Donnelley & Sons Company,*
                                      *James Longo, and Julian Wellington*

                          By:    <u>s/ Theresa Donahue Egler</u>
                                      Theresa Donahue Egler, Esq.
                                      10 Madison Avenue, Suite 400
                                      Morristown, New Jersey 07960
                                      Telephone: (973) 656-1600
                                      Facsimile: (973) 656-1611
                                      theresa.egler@ogletreedeakins.com

Date:   February 22, 2017.

# EXHIBIT A

28791954.1