## SUMMONS

| | | |
|---|---|---|
| Attorney(s) | William F. Henning | |
| Office Address | 76 South Orange Avenue, Suite 308 | |
| | South Orange | |
| Town, State, Zip Code | New Jersey, 07079 | |
| Telephone Number | (973) 761-8800 | |
| Attorney(s) for Plaintiff | Lateef Decree | |

Lateef Decree

Plaintiff(s)

Vs.

Executive Management Services, Inc., R.R. Donnelley, Jim Longe

Julian Wellington, Manuel Acevedo, John Doe 1, John Doe 2,

Defendant(s)   WILLIAM Bezi Locqua, Dough Cavanauh

From The State of New Jersey To The Defendant(s) Named Above:

## Superior Court of New Jersey

Essex ☒ COUNTY
LAW           DIVISION

Docket No: ESX-L-008270-16

## CIVIL ACTION SUMMONS

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

*Michelle Smith*
Clerk of the Superior Court

DATED:   01/20/2017

Name of Defendant to Be Served:   R. R. Donnelley

Address of Defendant to Be Served:   5 Henderson Drive, West Caldwell, New Jersey 07006

Revised 11/17/2014, CN 10792-English (Appendix XII-A)



DEC - 2 2016

WILLIAM F. HENNING
76 South Orange Ave., Suite 308
South Orange, New Jersey 07079
(973) 761-8800
Attorney for Plaintiff Lateef Decree

| | |
|---|---|
| Lateef Decree, | Superior Court of New Jersey |
| | Law Division |
| | Essex County |
| Plaintiff | L-8270-16 |
| vs. | |
| Executive Management Services, Inc., | COMPLAINT and JURY DEMAND |
| R.R. Donnelley, Jim Longo, | |
| Julian Wellington, Manuel Acevedo | |
| John Doe 1, John Doe 2, William Bezilacqua, | |
| Dough Cavanaugh | |

Lateef Decree, residing at 367 Leslie Street, 2nd Floor, Newark, New Jersey, of full age, hereby states by way of complaint:

FACTS COMMON TO ALL CLAIMS

1. At all times refenced herein, Decree, an African-American, was and is a resident of 367 Leslie Street, 2nd Floor, Newark, New Jersey.

2. Executive Management Services, Inc. (EMS) is a commercial janitorial service incorporated in the state of Indiana and doing business in the State of New Jersey.

3. EMS, at the time of the operative facts complained of in this complaint, had a contract with R.R. Donnalley (Donnalley) at their facility at 5 Henderson Drive, West Caldwell, New Jersey.

4. Donnalley is a corporation doing business in the State of New Jersey at 5 Henderson Drive, West Caldwell, New Jersey.

5. Decree commenced employment with EMS on or about November 1, 2013

6. On or about February 11, 2015, Decree was in the bathroom at RR Donnelley when he witnessed graffiti, which he believes was directed at him, reading "Clean this black nigger. Tell that." He reported it to EMS Human resources who reported the matter to RR Donnelley. This was reported to defendants Julian Wellington, Jim Longo and Manuel Acevedo. They took no action. Plaintiff had a witness to the incident, but to plaintiff's knowledge, no inquiry was made of the witness. The writing in the bathroom occurred on more than one occasion.

7. Plaintiff was advised by his supervisor that EMS could take no action because the employee engaged in racial animus was not an EMS employee. Plaintiff spoke to a supervisor defendant Doug Cavanaugh at Donnelley who promised to call but did not.

8. Plaintiff was subjected to specific discrimination and hostile racial comments from Manuel Acevedo

9. Plaintiff was further subjected to racially hostile insults by John Doe 1, aka Billy, aks William Bezilaqua, and by other persons named in this complaint by others unnamed.

10. EMS and Donnelley employees, including all named persons and John Doe 2, failed to take action despite being obliged to do so given their supervisory capacity.

11. Plaintiff was subjected to various other occasions to hostile racially charged language for several months until he was terminated. Defendant Jim Longo advised me that there was nothing plaintiff could do. On one occasion, a Donnelley employee asked of an EMS employee, "Why don't you get rid of the m**f** n***?"

12. On August 19, 2015, plaintiff was terminated by EMS at the request of RR. Donnelley, notwithstanding a lack of basis for such discharge. Donnelley alleged that plaintiff was the cause of a theft in a particular room, a pretext for discharging him.

13. Plaintiff filed a complaint with the Equal Employment Opportunity Commission. The EEOC believed it was unable to conclude that the information obtained established a violation of the relevant statutes.

14. The actions taken and not taken in failing to investigate the claim and to remedy the racial discrimination were based on plaintiff's race.

First Count - Law Against Discrimination Claim

15. EMS violated the Law Against Discrimination, NJSA 10:5-1, by hiring, continuing to retain Manuel Acevedo, or to take action against Julian Wellington or Julian Longo for their failure to act.

16. As a result of the actions against Decree, the conditions of his employment were altered and the working environment was hostile and abusive.

17. Defendants knew or should have know of the existence of the unlawful discrimination and harassment, and were required to undertake an appropriate investigation, remediate the hostile environment and prevent it from happening again, but failed to do so.

Second Count - FEDERAL CLAIM

18. In failing to act, in its failure to train, to provide proper safeguards, and to otherwise to allow the creation of a hostile work environment, EMS violated the provisions of the federal Civil Rights Act of 1964.

19. Plaintiff was discharged in violation of the act.

20. Plaintiff was subjected to disparate treatment based on his race.

Third Count - RETALIATION

21. As a result of his complaints, Mr. Decree was subjected to particular acts of further discrimination and retaliatory action; namely, his discharge and further harassment prior to discharge.

22. As a result of his complaining of his treatment at the workforce, Decree was terminated from his position. The complaints related to racial discrimination relate both to his unlawful conditions of employment and to a matter of public interest.

OTHER COUNTS AS TO UNKNOWN PARTIES

23. Plaintiff was subjected to discrimination by such unnamed party, John Doe 2, who failed to take such action as needed to remedy the discrimination, and who caused Decree's termination.

24. Plaintiff was subjected to discrimination by John Doe 1, aka Billy, aka William Bezilazqua who engaged in a series of racially hostile acts by insulting Decree with racially charged terms.

Fourth Count - COUNT AS TO RR DONNELY

25. RR Donnely was and is a corporation doing business in the state of New Jersey who hired EMS for janitorial services.

26. RR Donnelly, in violation of the New Jersey Law Against Discrimination, the federal Civil Rights Act

27. RR Donnalley failed to undertake a reasonable investigation of the allegations of racial animus and language.

28. RR Donnalley caused Decree to be terminated from his position in retaliation for his complaints.

Fifth Count - CONSPIRACY

29. RR. Donnlly, its agents and employees, and EMS, its agents and employees, conspired to deny Decree of his rights in violation of the Law Against Discrimination and the federal Civil Rights Act of 1964.

30. As a result of the actions set forth above, Decree suffered damages including emotional distress, humiliation, mental anguish, and continues to suffer losses in earnings and job potential and other benefits that he would have received absent Defendants' unlawful conduct. Moreover, he has suffered expenses, including legal fees, and ongoing mental suffering today and in the future.

31. Defendants actions are such that the imposition of punitive damages should be applied.

WHEREFORE, Plaintiff demands judgment against all defendants for compensatory and punitive damages, for interest, costs and fees., including attorney fees, and such other relief as the court deems equitable and just. Plaintiff also demands an order remedying the discrimination.

*William F. Henning*

Plaintiff demands a jury trial on all issues so triable.

*WILLIAM F. HENNING,*

## CERTIFICATION

(single)

The Plaintiff hereby certifies that this matter in controversy is not the subject of any other action pending in any court and is likewise not the subject of any pending arbitration proceeding. The Plaintiff further certifies that he or she has no knowledge of any contemplated action or arbitration proceeding which is contemplated regarding the subject matter of this action and he or she is not aware of any other parties who should be joined in this action.

_____
WILLIAM F. HENNING
Attorney for Plaintiff

DEC - 2 2016